UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES ROGERS**,

      Petitioner,

v.                                   **CIVIL NO. 07-670 MCA/DJS**

**MICHAEL MARTIN, Warden,**

      Respondent.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Respondent's Motion to Dismiss (Docket No. 9) filed October 29, 2007. Having considered the pleadings in this matter, the relevant law, and otherwise being fully advised in the premises, the Court concludes that the motion should be granted.[1]

**I. BACKGROUND**

This action is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner seeks to vacate the judgment and sentence entered in No. D-905-CR-0200300691 in the Ninth Judicial District, Curry County, of New Mexico. In that proceeding, Petitioner was convicted pursuant to a jury verdict of one count of Voluntary Manslaughter. In addition, the Court found pursuant to a special jury verdict that Petitioner used a firearm in commission of the crime and found that there were several aggravating circumstances. Pursuant to the conviction, Petitioner was sentenced to a term of imprisonment of eight years, to be followed by two years of parole.

---

[1] Petitioner failed to respond to the motion to dismiss.

Petitioner challenges his conviction and sentence on nine grounds, alleging various manners in which his trial counsel rendered ineffective assistance to his defense. Petitioner asserts that his attorney failed to make arguments on his behalf, failed to establish an attorney-client relationship, failed to obtain witnesses on his behalf, failed to request an appropriate self-defense jury instruction, failed to request in appropriate lesser-included-offense instruction, failed to obtain or call an expert witness, and failed to adequately prepare for trial.

**II. ANALYSIS**

In his Motion to Dismiss, Respondent asserts that Petitioner has not exhausted his state court remedies. Alternatively, Respondent argues that Plaintiff fails to state a claim upon which he can be afforded relief. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982).

Petitioner did appeal his conviction to the New Mexico Court of Appeals. Answer (Docket No. 8), Exhibit B. However, that process was not complete, as his petition to the New Mexico Supreme Court for *certiorari* review of the denial of his direct appeal had not been resolved at the time of the Answer or the Motion to Dismiss. Answer, Exhibit T. While Petitioner raised claims of ineffective assistance of counsel in his direct appeal, the New Mexico Court of Appeals noted that they were more appropriately raised in a collateral *habeas* proceeding. Answer, Exhibit J, p. 11-12 ("We direct Defendant to Rule 5-802 NMRA, for the appropriate post-conviction relief available for this type of claim".) That holding comports with the usual practice in Federal appellate courts. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir.1995) (*en banc*) ("Ineffective assistance of counsel claims ... brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.").

The exhaustion doctrine as codified in 28 U.S.C. §2254(b) and (c) is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention. "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Here, Petitioner raised some of the grounds upon which he alleges ineffective assistance of counsel before the New Mexico Court of Appeals, which concluded that he had not made a *prima facie* showing that he was denied effective counsel at trial but which directed him to bring the matter up in a state collateral proceeding if he wished to pursue it. Answer, Exhibit J. P. 12. However, even that conclusion by the New Mexico Court of Appeals had not been subject to *certiorari* review when the instant petition was filed. Other grounds upon which Petitioner alleges ineffective assistance of counsel before this Court have not been presented to the New Mexico courts at all.

It is appropriate to address the merits of unexhausted *habeas corpus* claims if they fail to raise even colorable federal claims, and if the interests of justice would better be served. 28 U.S.C. §2254(b)(2); Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir.) cert. denied, 506 U.S. 924 (1992)(quoted in Hernandez, 69 F.3d at 1093); see Brown v. Shanks, 185 F.3d 1122, 1125 (10th Cir. 1999) ("If a *habeas* petition contains both exhausted and unexhausted claims [the court] may reach the merits to deny the unexhausted claim... or dismiss the entire petition to allow Petitioner to return to state court to pursue his state court remedies). Here, the New Mexico Court of Appeals noted that Petitioner did not provide sufficient support for his ineffective assistance of counsel claim and referred him to the procedure of bringing collateral proceedings in state court. Under these circumstances, this Court cannot say that Petitioner has failed to raise even colorable federal claims.

3

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Docket No. 9) be granted and this matter be dismissed without prejudice in order for Petitioner to exhaust his state court remedies as to all claims asserted in the petition.

**SO ORDERED** this 24th day of September, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge